SMITH v. RIGGS ET AL.

1. **Fraudulent Conveyance:** WHAT IS NOT: PAYMENT OF DEBT. A conveyance of land by a debtor to a creditor in payment of his debt, although made in acceptance of a voluntary proposition by the creditor that he would convey the land to the debtor's wife, who was his daughter, as a gift or advancement, was held not to be fraudulent as to other creditors of the grantor.

*Appeal from Mahaska District Court.*

MONDAY, JUNE 20.

THE defendants recovered a judgment against A. M. Saunders, caused an execution to issue and were about to sell certain real estate belonging to the plaintiff, as he claims, and asked that an injunction issue restraining the sale. The decree was for the plaintiff and the defendants appeal.

*Lafferty & Johnson* and *Bolton & McCoy*, for appellants.

*M. E. Cutts* and *C. P. Searle*, for appellee.

SEEVERS, J.—We find the facts to be that the wife of A. M. Saunders is the daughter of Thomas Thornburg, and that

**1. FRAUDU-LENT convey-ance : what is not : pay-ment of debt.** previous to 1874 Thornburg let Saunders have about $2,500 in money, for which Saunders gave his notes. It was in the power of Thornburg to have enforced the payment of the notes at any time, and we find said indebtedness cannot be regarded as an advancement, but that the relation of debtor and creditor existed between Thornburg and Saunders.

In 1874 Saunders owned the real estate in controversy and was indebted to the defendants and others. Thornburg knew of at least a portion of said indebtedness, and was apprehensive the creditors of Saunders would seize the real estate, appropriate the same to the payment of their debts, and thus deprive his daughter of a comfortable support. He proposed to Saunders he would give up said notes and cancel the indebtedness and if he, Saunders, would convey to him the real estate that he would convey the same to Mrs. Saunders as an advancement or gift. This was agreed to and the arrangement perfected.

Afterward the defendants recovered judgment against Saunders and afterward Mrs. Saunders and her husband conveyed the real estate to the plaintiff, who had knowledge of the transaction between Saunders and Thornburg.

There is no pretence the plaintiff did not pay the full value of the real estate at the time he purchased. Nor is it claimed the indebtedness from Saunders to Thornburg was not equal to the value of said real estate. After the conveyance to Mrs. Saunders her husband managed and controlled the real estate as he had done before that time.

The defendants insist the transaction which resulted in the conveyance to Mrs. Saunders is fraudulent and void because made to hinder and delay creditors. Counsel for the appellants do not controvert the proposition that the diligent creditor has the right to secure himself, although the intent of the

debtor may have been to hinder and delay his creditors, or that such is the result of the transaction, but they insist such rule has no application because the conveyance to Thornburg was coupled with the condition or "secret trust as a cover" that he should convey to Mrs. Saunders, and that the transaction as a whole was beneficial to Saunders, was so intended, and that he thereby obtained in the real estate a homestead right of which he could not be deprived without his consent, and that by the conveyance he acquired an inchoate right of dower.

In support of their proposition counsel cite and largely rely on *Kissam v. Edmondson et al.*, 1 Ired. Eq., 180. There is, we think, a clear distinction between the case cited and that at bar. In the former the debtor insisted against the earnest protest of the creditor that one half of the amount due should be secured to the wife and children of the debtor. The provision made was not accomplished because the creditor bestowed upon the wife of the debtor a bounty, but it was done because the debtor so insisted and refused to secure any portion of the debt unless such provision was made. The creditor consented only for the reason he could not otherwise secure any portion of his debt. The opinion concedes that the creditor may give his property or debt to whom he pleases, and if the provision made for the wife and children of the debtor had been made by the creditor and was a gift or bounty freely bestowed by him that such transaction would not have been fraudulent.

In the case at bar the bounty or gift to Mrs. Saunders was conferred by her father. The debt belonged to him and in payment thereof Saunders conveyed the real estate. The latter neither made or suggested the conveyance to his wife. Nor did he convey to Thornburg upon the condition the latter would convey to Mrs. Saunders. If Thornburg had given the notes of Saunders to his daughter the latter would have been the creditor of her husband and he could have conveyed the real estate to her in payment of such indebtedness. Such

a transaction would not have been fraudulent because it would have been no more than a preference of one creditor to another. In legal effect the transaction amounted to this and nothing more.

Thornburg had the legal right to secure his debt and he could well say to Saunders, "if you will convey me real estate in payment I will convey the same to your wife." The gift in such case was his and not that of Saunders.

The fact that by reason of the conveyance Saunders incidentally obtained a homestead right or an inchoate right of dower is not, we think, material. He did not stipulate therefor, but it is a mere incident attached to the estate by law, which was cut off by the sale and conveyance to the plaintiff. The purchase money became the absolute property of Mrs. Saunders. An incident which springs from or is attached to the relations existing between husband and wife cannot make a transaction fraudulent which would not be so regarded if such relation did not exist.

We are unable to discover any difference between this case and *Caunton v. Doby et al.*, 10 Richardson, S. C. Eq., 411, and the foregoing views are sustained thereby.

AFFIRMED.

ON REHEARING.

SEEVERS, J.—In their petition counsel insist the statement in the foregoing opinion, " Nor did he convey to Thornburg upon the condition the latter would convey to Mrs. Saunders," is incorrect. We do not deem it material to controvert the position of counsel, but conceding it to be true, it is evident the legal thought of the opinion would in no respect be changed thereby. Upon a reconsideration of the case we adhere to what is said in the opinion that Thornburg could well say to Saunders, " If you will convey me the real estate in payment I will convey the same to your wife." Counsel also complain they cited Bump on Fraudulent Conveyances, 224, and seem to think if said authority and others cited had been

examined the result would have been different. Counsel err in the belief the authorities cited were not examined. The only reason they were not cited was they were not believed to be applicable. The general rule is stated in Bump on Fraudulent Conveyances. This no one disputes. In support of it the author cites *White v. Graves*, 7 J. J. Marsh., 523; *Garland v. Reeves*, 4 Rand., 282; *Pettibone v. Stevens*, 15 Conn., 19, and *Kissam v. Edmondson*, 1 Ired., 180. A reexamination of these cases satisfies us our former conclusion, that in none of them except the last can it be said the facts are like those in the present case, is correct. We have considered all that has been said by counsel and our conclusion is that the former opinion must be adhered to.