RUSIE v. JAMESON ET AT.

1. **Fraudulent Conveyance:** INADEQUACY OF PRICE AS EVIDENCE. A slight inadequacy of consideration given for land is not sufficient to evince a fraudulent intent.

2. ———: EVIDENCE NOT ESTABLISHING. The evidence in this case considered and *held* insufficient to prove that a conveyance from a son-in-law to his father-in-law was fraudulent.

*Appeal from Marshall Circuit Court.*

THURSDAY, OCTOBER 18.

ACTION in equity to set aside a conveyance of real estate, on the ground that the same was made to hinder and delay creditors. Judgment for the defendants, and plaintiff appeals.

*Brown & Carney*, for appellant.

*Binford & Snelling*, for appellees.

SEEVERS, J.—I. The plaintiff is the holder of a judgment against Milo Somers, who is the son-in-law of the defendant, Jameson. Somers was the owner of one hundred and sixty acres of land, which was mortgaged to Jameson to secure an indebtedness, including interest, amounting to about $3,350. There was another mortgage to Bisbee & Hilty, to secure them against liability on a guardian's bond which they had signed as surities of Somers. The defendant purchased the real estate. The same was conveyed to him in payment of, and was to cancel, the indebtedness due him, and pay the amount due on the Bisbee & Hilty mortgage. The amount due on the mortgage was between $800 and $900, and the same was paid by the defendant in accordance with his contract of purchase. So that the defendant in fact gave for the real estate, as above stated, $4,200, or a little upwards of

*[margin note: 1. FRAUDULENT convey-ance : inade-quacy of price as evi-dence of.]*

$26 per acre, and, besides this, paid taxes amounting to $40. The purchase was made in March, 1880. The trial was in June, 1881. The plaintiff and two other persons testified that in their judgment the land was worth, in 1880, $30 per acre, or $4,800. It is insisted that the price paid is inadequate, and evidence of fraud. But we do not think this is so. Giving all possible weight to the evidence, the inadequacy is not very great, and it is not sufficient, we think, to evince a fraudulent purpose.

II. The defendant was informed, and he had knowledge, we think, that Somers was insolvent. As to the validity of the mortgages no question is made. They could have been foreclosed, and the defendant could have purchased at the sale, and thus have obtained a title that could not have been successfully assailed. This would, however, have involved some considerable expense. Instead of incurring, or encumbering the property with, this expense, the defendant made the purchase. If he had obtained title by foreclosure, he could have given it away, if he saw proper, and the plaintiff would have no just ground of complaint. The same result must follow the purchase, unless a fraudulent intent in making it clearly appears; for under the circumstances it is difficult to infer such an intent. Because of his sympathy for his daughter, the defendant made the purchase, and permitted Somers and his family to remain on the farm and receive a portion or all of the rents and profits. We think that the evidence shows that the defendant gave his daughter a small amount of money in addition to the proceeds of the farm. The defendant had a perfect right to secure his own indebtedness in the manner he did, and, conceding that it was his intention to purchase the land and give his daughter and her family the rents and profits of the real estate, he had the right to do so. He could, if he saw proper, have given her the farm, and it would not have been a fraudulent transaction, even if he had so determined prior to purchasing it. *Smith v. Riggs*, 56 Iowa, 488.

*2. ——: evidence not establishing.*

AFFIRMED.